**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRUM & FORSTER INDEMNITY COMPANY and UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) | No. 2:20-cv-01030-RJC |
| | ) | |
| Plaintiffs, | ) | Judge Robert J. Colville |
| | ) | |
| vs. | ) | |
| | ) | |
| SIDELINES TREE SERVICE, LLC and HUNTINGTON INSURANCE, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Robert J. Colville, United States District Judge

Before the Court is the Motion to Intervene (ECF No. 17) filed by Mariah Provins, as Administratrix of the Estate of Dale Provins, Deceased, ("Provins"). Provins seeks to intervene in the above-captioned action pursuant to Federal Rule of Civil Procedure 24, and also argues that she should be joined to this action as a necessary party pursuant to Federal Rule of Civil Procedure 19. Defendant Sidelines Tree Service, LLC ("Sidelines") does not oppose the Motion to Intervene. Mot. 1, ECF No. 17. Plaintiffs Crum & Forster Indemnity Company ("CFIC") and United States Fire Insurance Company ("U.S. Fire") (collectively, "Plaintiffs") oppose the Motion to Intervene. Defendant Huntington Insurance, Inc. ("Huntington") has asserted no position with respect to the Motion to Intervene. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). Provins' Motion has been fully briefed, and is ripe for disposition.

I.        **Factual Background & Procedural History**

In Plaintiffs' operative Second Amended Complaint for Declaratory Judgment (ECF No. 25) ("Complaint"), Plaintiffs assert that this case is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 in which Plaintiffs seek a determination as to Plaintiffs' obligations, if any, in connection with various insurance policies issued to Sidelines.  Compl. ¶ 1, ECF No. 25.  Plaintiffs also seek damages against Huntington, Sidelines' insurance broker, in connection with the purportedly improper and fraudulent reinstatement of various insurance policies issued to Sidelines.  *Id.* at ¶ 2.  Plaintiffs seek a declaration that the CFIC Policies and the U.S. Fire Policy at issue in this matter are void ab initio from May 22, 2020 through the expiration of the policy periods due to Sidelines' and Huntington's purported fraud and material misrepresentations in connection with the reinstatement of the relevant CFIC Policies and U.S. Fire Policy.  *Id.* at ¶ 6.

In the Complaint, Plaintiffs set forth the following claims: (1) "Declaratory Judgment – Fraud/Rescission" (Count I) against Sidelines; (2) Breach of Contract (Count II) against Huntington; (3) Equitable Subrogation (Count III) against Huntington; and (4) Fraud (Count IV) against Huntington.  By way of this action, Plaintiffs seek, inter alia, the following relevant relief: (1) "a declaration that the CFIC Policies and the U.S. Fire Policy are rescinded ab initio as of May 22, 2020"; (2) judgment against Huntington and Sidelines "in the amount of all costs and fees Plaintiffs have incurred in investigating the claim under the CFIC Commercial Auto Policy"; and (3) "[i]n the alternative, in the event the CFIC Policies and the U.S. Fire Policy are not rescinded," a judgment "awarding to Plaintiffs and against Huntington all defense and indemnity costs to be incurred by Plaintiffs in connection with the June 3, 2020 accident involving Sidelines[.]"  Compl. 18, ECF No. 25.

In the Complaint, Plaintiffs set forth the following factual allegations relevant to the Court's consideration of the Motion at issue:

CFIC issued a commercial automobile insurance policy ("CFIC Auto Policy") to Sidelines with effective dates of June 24, 2019 to June 24, 2020 and liability limits of $1 million per accident or loss for covered autos liability.  Compl. ¶ 3, ECF No. 25.  CFIC also issued a general liability insurance policy ("CFIC General Liability Policy") to Sidelines with effective dates of June 24, 2019 to June 24, 2020 and the following liability limits: "$1 million per occurrence; $1 million personal & advertising injury; $1 million products & completed operations aggregate; and $2 million general aggregate."  *Id.* at ¶ 4.[1]  U.S. Fire issued an umbrella policy ("U.S. Fire Policy") to Sidelines with effective dates of June 24, 2019 to June 24, 2020 and the following liability limits: "$4 million per occurrence; $4 million personal & advertising injury aggregate; $4 million products & completed operations aggregate; and $4 million general aggregate."  *Id.* at ¶ 5.

Sidelines obtained the CFIC Policies and the U.S. Fire Policy through its insurance broker, Huntington.  Compl. ¶ 17, ECF No. 25.  Sidelines also entered into a Commercial Premium Finance Agreement ("FIF Agreement") with First Insuring Funding ("FIF"), under which FIF agreed to pay the premium of the CFIC Policies and the U.S. Fire Policy, and Sidelines agreed to pay FIF the premium amount plus finance charges in installments.  *Id.* at ¶ 18.  Pursuant to the FIF Agreement, FIF was granted power of attorney to cancel the financed policies, i.e. the CFIC Policies and the U.S. Fire Policy, in the event of Sidelines' default.  *Id.* at ¶¶ 19; 26.  FIF sent a "Notice of Intent to Cancel Insurance Coverage" to Sidelines on March 5, 2020 due to Sidelines' failure to make timely installment payments to FIF.  *Id.* at ¶ 21.  Following the March 5, 2020 Notice, Sidelines made payments to FIF to bring its account current.  *Id.* at ¶ 22.  Subsequently,

---

[1] The Court will refer to the "CFIC Auto Policy" and the "CFIC General Liability Policy" collectively as the "CFIC Policies."

Sidelines again became delinquent in making payments to FIF, and remained delinquent through May 22, 2020, when FIF forwarded a Notice of Cancellation to Plaintiffs stating that the CFIC Policies and the U.S. Fire Policy were cancelled in accordance with the terms of the FIF Agreement due to Sidelines' failure to make additional premium installment payments to FIF. *Id.* at ¶¶ 23-24. Plaintiffs processed cancellation of the CFIC Polices and the U.S. Fire Policy on June 3, 2020 in accordance with FIF's May 22, 2020 Notice of Cancellation, and cancelled the CFIC Policies and the U.S. Fire Policy effective May 22, 2020. *Id.* at ¶ 30.

On June 3, 2020, Zachary Foltz ("Foltz"), an employee of Sidelines, was driving an insured vehicle in Jefferson Hills, PA when he was in a serious automobile accident ("Accident") involving a vehicle driven by Officer Dale Provins ("Officer Provins").[2] Compl. ¶ 31, ECF No. 25. An "ACORD Automobile Loss Notice" describes the Accident as follows: "[Insured Vehicle] changed lanes and hit [Other Vehicle] almost head on . . . ." *Id.* at ¶ 32. As a result of the Accident, Officer Provins suffered severe injuries that ultimately resulted in his death on June 13, 2020. *Id.* at ¶ 33. Foltz also suffered severe injuries as a result of the accident, and the vehicle he was driving also sustained damage. *Id.* at ¶ 34.

Prior to processing cancellations of the CFIC Polices and the U.S. Fire Policy on June 3, 2020, Plaintiffs conferred with FIF regarding Sidelines' repayment status, and Plaintiffs were advised that Sidelines had paid a portion of the outstanding balance in connection with the CFIC Policies and the U.S. Fire Policy. Compl. ¶¶ 35-36, ECF No. 25. Plaintiffs communicated this information to Huntington, and advised Huntington that Plaintiffs would be processing the cancellation of the CFIC Policies and the U.S. Fire Policy as requested by FIF. *Id.* at ¶ 37.

---

[2] In her Brief in Support of the Motion to Intervene, Provins asserts that "[t]he vehicle which struck Officer Provins was owned by [Sidelines], operated by an employee of [Sidelines] in the course and scope his employment, and insured by [Plaintiffs]." Br. in Supp. 1, ECF No. 18.

Sidelines paid all outstanding balances with respect to the CFIC Policies and the U.S. Fire Policy to FIF on June 3, 2020. *Id.* at ¶ 39. On June 8, 2020, Huntington contacted Plaintiffs to request reinstatement of the CFIC Policies and the U.S. Fire Policy. *Id.* at ¶ 40. Pursuant to its June 8, 2020 communication, Huntington forwarded a Notice of Request for Reinstatement, dated June 3, 2020 and prepared by FIF, to Plaintiffs. *Id.* at ¶ 41. Despite the fact that cancellation of the relevant policies was already in progress, Plaintiffs agreed to reinstate the CFIC Policies and the U.S. Fire Policy with an effective date of reinstatement of May 22, 2020 following receipt of the Notice of Request for Reinstatement dated June 3, 2020. *Id.* at ¶ 42.

Plaintiffs entered into a Producer Agreement, effective June 29, 2011, with Huntington, pursuant to which Huntington was authorized to solicit, receive, and send proposals for commercial insurance contracts to Plaintiffs. Compl. ¶¶ 46-47, ECF No. 25. The Producer Agreement required Huntington to, inter alia: (1) comply with all applicable laws and regulations; (2) cooperate with and assist Plaintiffs in the exercise of their right to amend, cancel, decline to renew, or conditionally renew any policy; (3) notify Plaintiffs of claims, suits, or losses under Plaintiffs' policies and cooperate fully in Plaintiffs' investigation, adjustment, settlement, and payment of claims; and (4) notify and cooperate with Plaintiffs when Huntington receives notice of any other claim or alleged liability that involves or may potentially involve Plaintiffs. *Id.* at ¶¶ 48-50. Plaintiffs aver that Huntington was aware of the Accident at the time that it communicated with Plaintiffs on June 8, 2020 to request reinstatement of the CFIC Policies and the U.S. Fire Policy. *Id.* at ¶ 43. During the June 8, 2020 communication between Plaintiffs and Huntington, Huntington did not advise Plaintiffs of the Accident. *Id.* at ¶ 44. Plaintiffs first received notice of the Accident on June 9, 2020. *Id.* at ¶ 45.

The claim related to the Accident was submitted under the CFIC Auto Policy.  Compl. ¶

53.  The CFIC Auto Policy includes the following condition:

**2. Concealment, Misrepresentation Or Fraud**

> This Coverage Form is void in any case of fraud by you at any time
> as it relates to this Coverage Form.  It is also void if you or any other
> "insured", at any time, intentionally conceals or misrepresents a
> material fact concerning:
>
> **a.** This Coverage Form;
>
> **b.** The covered "auto";
>
> **c.** Your interest in the covered "auto"; or
>
> **d.** A claim under this Coverage Form.

*Id.* at ¶ 54.  The CFIC Auto Policy also contains a "Pennsylvania Changes – Cancellation and

Nonrenewal endorsement," which provides: "[t]his policy may also be cancelled from inception

upon discovery that the policy was obtained through fraudulent statements, omissions or

concealment of facts material to the acceptance of the risk or to the hazard assumed by us[,]" and

further provides: "[n]otice of cancellation will state the effective date of cancellation.  The policy

period will end on that date."  *Id.* at ¶ 55.

Plaintiffs initiated this action by filing their original Complaint (ECF No. 1) on July 10,

2020.  Plaintiffs filed an Amended Complaint (ECF No. 14) on September 15, 2020, and Sidelines

filed an Answer (ECF No. 15) on October 6, 2020.  Provins filed the Motion to Intervene, along

with a Brief in Support (ECF No. 18) on October 13, 2020.  Plaintiffs filed the operative Complaint

on October 22, 2020.  Plaintiffs filed a Brief in Opposition (ECF No. 26) to the Motion to Intervene

on October 23, 2020, and Provins filed a Reply (ECF No. 27) on October 30, 2020.  After seeking,

and being granted, leave of Court, Plaintiffs filed a Surreply (ECF No. 30) on November 3, 2020.

Sidelines filed an Answer and Crossclaim (ECF No. 31) on November 4, 2020.[3]  Huntington filed

a Partial Motion to Dismiss (ECF No. 38) on January 4, 2021.  That Motion has been fully briefed,

and is the subject of a Memorandum Opinion that will be entered contemporaneously with the

present Memorandum Opinion.   Huntington filed an Answer (ECF No. 42) to Sidelines'

Crossclaim on January 4, 2021.   On March 12, 2021, Provins filed a Notice (ECF No. 47)

informing the Court that she had filed a complaint against Sidelines and Foltz in the Court of

Common Pleas of Allegheny County at Docket No. GD 21-000981.[4]

## II.    Legal Standard

With respect to intervention of right, Federal Rule of Civil Procedure 24 provides:

(a) Intervention of Right. On timely motion, the court must permit anyone to
intervene who:

> (1) is given an unconditional right to intervene by a federal statute;
> or
>
> (2) claims an interest relating to the property or transaction that is
> the subject of the action, and is so situated that disposing of the
> action may as a practical matter impair or impede the movant's
> ability to protect its interest, unless existing parties adequately
> represent that interest.

Fed. R. Civ. P. 24(a).  Where a litigant seeks intervention as of right under Rule 24(a)(2), the

United States Court of Appeals for the Third Circuit has held that the litigant must establish:

1) a timely application for leave to intervene, 2) a sufficient interest in the
underlying litigation, 3) a threat that the interest will be impaired or affected by the
disposition of the underlying action, and 4) that the existing parties to the action do
not adequately represent the prospective intervenor's interests.

---

[3] Sidelines asserts a crossclaim for professional negligence against Huntington.  Answer 19, ECF No. 31.
[4] Provins asserts five counts in the Allegheny County complaint relating to the Accident: (1) Negligence against Foltz;
(2) Vicarious Liability against Sidelines; (3) Negligent Entrustment against Sidelines; (4) Survival Action against
Foltz and Sidelines; and (5) Wrongful Death against Foltz and Sidelines.  *See* Notice Ex. A, ECF No. 47-1.

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir.1998)).  "Each of these requirements must be met to intervene as of right."  *Treesdale*, 419 F.3d at 220 (quoting *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir.1995)).

Federal Rule of Civil Procedure 19(a)(1)(B)(i) provides, with respect to required joinder of parties, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" if that individual "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest."  Fed. R. Civ. P. 19(a)(1)(B)(i).

### III.   Discussion

Provins asserts that the Accident, and Sidelines' failure to disclose the same, serves as the factual basis for Plaintiffs' fraud/recission allegations.  Br. in Supp. 2, ECF No. 18.  Provins avers that she is entitled to intervene in this action as of right because she claims an interest related to the insurance policies that are the subject of this declaratory judgment action, and because disposition of this case may severely impair and impede her ability to protect her interests related to the Accident via the survival and wrongful death action she has filed in the Court of Common Pleas of Allegheny County.  *Id.* at 2-3.  More specifically, Provins asserts that, because Plaintiffs are seeking to void and/or rescind the insurance policies Provins asserts provide coverage related to the harms incurred in the Accident, disposition of this declaratory judgment action will entirely dictate Provins' ability to recover for the harms and untimely death suffered by Officer Provins.  *Id.* at 6.

Provins also argues that she is a necessary party in this litigation and that she should thus be joined to this action pursuant to Fed. R. Civ. P. 19(a)(1)(B)(i).[5]  *Id.* at 8.  Specifically, Provins asserts that she has an interest in the outcome of this action because she may have no viable source of recovery for damages sustained if insurance coverage is declared unavailable by way of this litigation, especially if Sidelines is insolvent or does not have the resources to defend against the declaratory judgment action, and that she should thus be joined so that she can protect this interest. *Id.* at 9.  Provins further asserts that she should be joined to this action because a declaration regarding the application of the CFIC Policies and the U.S. Fire Policy will prejudice Provins with respect to her tort claims against Sidelines.  Reply 6, ECF No. 27.

Plaintiffs argue that the Motion to Intervene should be denied because Provins does not have a sufficient interest in this litigation that will be impaired or affected by the disposition of this declaratory judgment action, i.e. that she fails to satisfy the second and third requirements for intervention as of right under Rule 24(a)(2).  Br. in Opp'n 4, ECF No. 26.  Plaintiffs assert that:

> Plaintiffs' claims against Sidelines and Huntington in this matter are only "related" to Officer Provins' accident in that Sidelines and Huntington actively hid the fact of the accident from Plaintiffs while they sought to have insurance policies that had been properly cancelled by Plaintiffs reinstated.  Provins' interest in this matter remains simply a contingent economic interest, the same as any injured party, and is insufficient to support Provins' intervention in this matter as of right.

*Id.* at 7.  Plaintiffs further assert that, even if Provins did have a sufficient interest in this action, the existing parties to the action adequately represent such interests.  *Id.* at 7.  Plaintiffs assert that Provins' interest in attempting to establish that the CFIC Auto Policy should not be rescinded is identical to Sidelines' interest in the same, and that these interests do not diverge such that Sidelines would not devote proper attention to Provins' interest.  *Id.* at 7-8.  Plaintiffs further assert

---

[5] While Provins' Brief in Support refers to "Fed. R. Civ. P. 19(a)(1)(B)(ii)," Br. in Supp. 8, ECF No. 18, the Court notes that the language quoted, and argument set forth, in the Brief are instead consistent with Fed. R. Civ. P. 19(a)(1)(B)(i).

that there is simply no support for Provins' assertion that Sidelines will either have no desire or ability to diligently defend this action. *Id.* at 8.[6]

Plaintiffs, relying on the United States District Court for the Eastern District of Pennsylvania's decision in *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 238 (E.D. Pa. 2014), further argue that, under the Third Circuit's holding in *Treesdale*, a party is only "necessary" to an action under Rule 19(a)(1)(B) if the party "has a legally protected interest, and not merely a financial interest, in the action." Br. in Opp'n 14, ECF No. 26. Plaintiffs argue that "possible unavailability of insurance coverage to respond to Provins' claims is a legally insufficient interest to be joined as a necessary party to this action, and Provins' Motion to Intervene must be denied." *Id*.

## A. Intervention Under Fed. R. Civ. P. 24(a)

Initially, Plaintiffs do not challenge the timeliness of the Motion to Intervene, Br. in Opp'n 3, ECF No. 26, and the Court concludes that the Motion to Intervene, which was filed before Plaintiffs filed the operative Complaint, is timely.

With respect to whether Provins has a sufficient interest in this matter and whether that interest may be impaired or affected by this action, the United States Court of Appeals for the Third Circuit has explained that, "[t]o justify intervention as of right, the applicant must have an interest 'relating to the property or transaction which is the subject of the action' that is

---

[6] While Plaintiffs address the issue of permissive intervention pursuant to Fed. R. Civ. P. 24(b) in their Brief in Opposition, *see* Br. in Opp'n 8-10, ECF No. 26, Provins has not asserted the same as a basis for intervention at any juncture, even in her Reply filed in response to Plaintiffs' Brief in Opposition. Given that Provins does not seek permissive intervention in this matter, and given that Third Circuit precedent seemingly supports Plaintiffs' arguments, *see Treesdale*, 419 F.3d at 227, the Court sees no reason to address the issue of permissive intervention any further.

    The Court further notes that Plaintiffs also argue that Provins is not a necessary party in this action under Rule 19(a)(1)(A). Br. in Opp'n 10, ECF No. 26. Provins does not rely on Rule 19(a)(1)(A), but instead moves to be joined under Rule 19(a)(1)(B), and the Court will thus not consider Plaintiffs' argument respecting application of Rule 19(a)(1)(A).

'significantly protectable.'" *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).

The issue presented in the Motion to Intervene is materially identical to that addressed by the United States Court of Appeals for the Third Circuit in *Treesdale*, 419 F.3d 216, wherein the Third Circuit, quoting its decision in *Mountain Top*, 72 F.3d 361, explained:

> While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, some general guidelines have emerged. . . . [A]n intervenor's interest must be one that is significantly protectable. [This means that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or one being owned by the proposed intervenors. . . . *In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene*. . . . While a mere economic interest may be insufficient to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund. Thus, when a particular fund is at issue, an applicant claims an interest in the very property that is the subject matter of the suit.

*Treesdale*, 419 F.3d at 220–21 (quoting *Mountain Top*, 72 F.3d at 366) (emphasis added).

In *Treesdale*, a number of individuals who alleged that they had suffered bodily injury as a result of exposure to asbestos-containing products manufactured and sold by the defendant in the *Treesdale* matter, and who had further brought separate tort actions related to the same, sought to intervene in a declaratory judgment insurance coverage dispute between the defendant and its insurer. *Id.* at 218-219. The insurer in *Treesdale* sought declaratory judgment holding that the relevant insurance policies had been exhausted by the insurer's payment of settlement costs, and the potential intervenors sought to intervene to assert that the relevant policies had not been exhausted, and also advanced an argument that they should be permitted to intervene because the defendant in *Treesdale* was insolvent except for the funds available under the policies. *Id.* at 219.

11

In *Treesdale*, the Third Circuit explained:

> Appellants contend that they satisfy the second prong of our inquiry under *Mountain Top* because they have an interest in a specific fund, *viz.*, the Liberty Mutual UEL policies.  According to Appellants, the insurance proceeds "constitute a specific source or fund that is and has been providing compensation to asbestos victims like [Appellants] for years."  We disagree.

*Id.* at 221 (citation omitted).  The *Treesdale* court further explained:

> However, Appellants here have no property interest in the Liberty Mutual UEL policies nor do they have any other legally protectable interest in the policies.  Rather, they have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right. . . .  The proceeds of the policies are not being held in an escrow account that they have a legal interest in as was the case in *Mountain Top*.

*Id.* at 222; *see also id.* at ("Appellants cite no controlling authority to support their argument that plaintiffs who have asserted tort claims against the insured can intervene as of right in an insurance coverage declaratory judgment action between the insured and its insurer.").  The Third Circuit also explained that an assertion that a declaratory judgment action could impact the potential intervenors' ability to collect a judgment in the potential intervenor's tort action does not set forth a sufficient interest in the declaratory judgment action such that intervention is warranted.  *See id.* at 224–25 ("In fact, in *Mountain Top*, we commented that the district court's denial of the [potential intervenors'] motion to intervene as of right would have been correct if the [potential intervenors'] 'only interest in the present case was to ensure that [the insured] would have sufficient resources to satisfy any judgment they may be able to obtain in the territorial court.'  That is precisely the situation here." (citation omitted)); *see also id.* at 225 ("At most, the declaratory judgment action may impact [potential intervenors'] ability to collect any judgment obtained in their personal injury actions.  However, that is not enough to support intervention of right under *Mountain Top*.").

This case, like *Treesdale*, is an insurance coverage declaratory judgment action between an insured and its insurer.  The arguments set forth by Provins in support of her assertion that she

12

should be permitted to intervene as of right under Rule 24(a)(2) in this action were considered and rejected by the Third Circuit in *Treesdale*. While the insurer in *Treesdale* argued that the relevant insurance policies had been exhausted, and Plaintiffs in the present action assert that the policies at issue are void due to misrepresentations made by the insured and/or its insurance broker and should thus be rescinded, the Court does not find this distinction to be material. In each instance, the insurer set forth argument that the insurance policy between the insurer and the insured was no longer available, and each case involves motions to intervene filed by individuals who had filed tort actions related to the defendant's purported conduct and whose recovery purportedly relied on the funds available under the relevant insurance policies.

Further, the Third Circuit in *Treesdale* rejected the potential intervenors' argument that they should be permitted to intervene as of right because the defendant was insolvent and lacked sufficient funds to either satisfy judgments or to adequately defend their interests where there was a dispute as to whether that defendant was, in fact, insolvent, and where the defendant's "active participation in the declaratory judgment action undermine[d] the claim that [defendant] is insolvent and unable to defend itself against potential lawsuits." *Treesdale*, 419 F.3d at 226. In this action, Sidelines has actively participated in this litigation, Plaintiffs dispute whether Sidelines is insolvent, and the only indication of Sidelines' potential insolvency are speculative and hypothetical statements set forth in Provins' Brief in Support of her Motion to Intervene. Consistent with the Third Circuit's decision in *Treesdale*, the Court rejects Provins' assertions that intervention as of right is warranted due to the speculative and hypothetical insolvency of Sidelines. Under the Third Circuit's holding in *Treesdale*, it is clear that Provins' interest asserted in her Motion to Intervene, specifically an interest in the availability of the CFIC Policies and the U.S. Fire Policy, is simply insufficient to support intervention in this declaratory judgment action.

It is thus clear, under Third Circuit precedent, that Provins is not entitled to intervene as of right in this action under Rule 24(a)(2).

In arguing that she should be permitted to intervene in this action, Provins cites to *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 346 (3d Cir. 1986) and *Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 314 (3d Cir. 2011), each of which addressed standing in declaratory judgment actions involving insurance disputes.  In *Rauscher*, the Third Circuit held that an "injured party has an independent, and not a derivative right, to be heard" in a declaratory judgment action, *Rauscher*, 807 F.2d at 354 , and also held that a  "case or controversy" existed between an insurer and the injured parties, and that "therefore the [the injured parties] have standing to defend the declaratory judgment action despite the absence of Rauscher, the actual insured," *id.* at 353.  In *Murray*, the Third Circuit held:

> Like the passengers in *Rauscher*, Ennie is the directly injured party and its interests in the lawsuit are, therefore, independent of the insured (Murray).  Ennie has a particularized interest in the lawsuit because a determination of Murray's coverage would dictate its ability to receive the full benefit of the Ennie lawsuit.

*Murray*, 658 F.3d at 319.  While Provins cites to *Rauscher* and *Murray* in support of her Motion to Intervene under Rules 24 and 19, each of those cases dealt directly with the issue of whether injured parties who were originally named as defendants in declaratory judgment lawsuits had standing to defend or appeal in the case, respectively, in the absence of the insured, and did not involve intervention or joinder under Rules 24 and 19.   *Rauscher* and *Murray* are thus distinguishable.  Further, district courts in the Third Circuit have held that these cases do not render the Third Circuit's decision or analysis in *Treesdale* non-precedential with respect to the Rule 24 or Rule 19 interest analysis.

In *Hartford Cas. Ins. Co. v. Cardenas*, 292 F.R.D. 235 (E.D. Pa. 2013), the United States District Court for the Eastern District of Pennsylvania explained that the Third Circuit's decision

14

in *Murray* "was clear that *Treesdale* remains good law with respect to Rule 24[,]" *Cardenas*, 292 F.R.D. at 239, and further concluded that *Treesdale* "remains good law regarding Rule 19(a)(1)(B)—that mere financial interests in the outcome of an insurance dispute remain insufficient to warrant joinder as required parties," *id.* at 240.  In *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 238 (E.D. Pa. 2014), the *Scottsdale* court agreed with the analysis set forth in *Cardenas*, and summarized the holdings in *Cardenas* as follows:

> Judge Baylson concluded [in *Cardenas*] that *Treesdale* directs analysis under Rule 19(a)(1)(B) for three reasons.  First, *Treesdale* speaks clearly on the nature of interests recognized by Rule 19(a)(1)(B), whereas *Rauscher's* comments on Rule 19 are *dicta* and irrelevant to the question of whether financial interests satisfy Rule 19(a)(1)(B)'s interest requirement.  Second, *Murray's* and *Rauscher's* holdings on [the] interest analysis for standing should be treated as fundamentally different from the interest analysis under Rule 19(a)(1)(B).  And third, given the clarity of *Treesdale*, reading *Murray* as endorsing the *dicta* in *Rauscher* would unreasonably render *Treesdale* bad law.

*Scottsdale*, 303 F.R.D. at 238 (citations omitted).  The Court agrees with the thorough and well-reasoned analysis respecting whether *Treesdale* remains "authoritative precedent for the types of interests that should be considered 'legally protected' under Rules 24 and 19" set forth in *Cardenas* and summarized in *Scottsdale*, and has thus relied on *Treesdale* in resolving Provins' Motion to Intervene.

### B.  Joinder Under Fed. R. Civ. P. 19(a)(1)(B)(i)

The United States Court of Appeals for the Third Circuit held that the potential intervenors in *Treesdale* did not constitute necessary parties under Rule 19 because their interest did not relate to the subject of the action.  *Treesdale*, 419 F.3d at 230.  The Third Circuit explained that "a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action[,]" *id.* (quoting *Spring–Ford Area School District v. Genesis Ins. Co.*, 158 F.Supp.2d 476, 483 (E.D. Pa. 2001)), and explained that the potential intervenors were not necessary parties under

Rule 19 for the same reasons that the Third Circuit had rejected the potential intervenors' assertions that they had a sufficient interest to intervene under Rule 24(a).  *Id.*; *see also Scottsdale*, 303 F.R.D. at 238 ("Though as a practical matter the injured third parties' recovery here may be affected by RSE's insurance coverage from Scottsdale—or lack thereof—that is exactly the type of financial, not legal, interest of an unnamed party that Rule 19 does not consider.").  This Court has already determined that Provins fails to set forth a legally protectable interest in the CFIC Policies and the U.S. Fire Policy, and thus rejects Provins' assertion that she is necessary party to this action under Rule 19(a)(1)(B)(i).

Finally, Provins' reliance on *Vale Chem. Co. v. Hartford Acc. & Indem. Co*., 516 A.2d 684 (Pa. 1986) is misplaced for the same reasons discussed in *Treesdale*, *see Treesdale*, 419 F.3d at 228-229, and the Court summarily rejects Provins' arguments in her Reply respecting the same.

**IV.    Conclusion**

For the reasons discussed above, the Court will deny Provins' Motion to Intervene (ECF No. 17).  An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: August 26, 2021

cc: All counsel of record